IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MICHAEL A. ANDERSON,

      Plaintiff,

v.                                                   Case 2:13-cv-02064-JTF-cgc

THE HARTFORD and
DR. JOHN HARRIS,

      Defendants.

---

**REPORT AND RECOMMENDATION ON HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION TO DISMISS AND ON JOHN HARRIS, M.D.'S MOTION TO DISMISS**

---

Before the Court are Defendants Hartford Life and Accident Insurance Company's ("Hartford") Motion to Dismiss (Docket Entry "D.E." #7) and John Harris, M.D.'s ("Harris") Motion to Dismiss (D.E. #10). The instant motions were referred to the United States Magistrate Judge for Report and Recommendation.

**I. Background**

Plaintiff initiated a civil action against "The Hartford"[1] and Dr. John Harris in the Court of General Sessions of Shelby County, Tennessee on December 28, 2012 (D.E. #1-2). Plaintiff alleges "Long Term Disability Payment, Medical Mal-Practice [sic], Violation of F.M.L.A. law" as grounds for his suit. Hartford removed the case to this Court on January 31, 2013 (D.E. #1).

---

[1] Defendant asserts that it was incorrectly named as "The Hartford" and provides that its proper name is "Hartford Life and Accident Insurance Company."

**II. Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro

se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

**III. Analysis**

    *A. Hartford's Motion to Dismiss (D.E. #7)*

On February 13, 2013, Hartford filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to exhaust his administrative remedies pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and Hartford Group Policy GLT-205215. On March 22, 2013, Plaintiff and Hartford entered a Joint Stipulation of Dismissal With Prejudice as to all claims, and the District Court entered an Order of Joint Stipulation of Dismissal with Prejudice. Accordingly, it is recommended that Hartford's Motion to Dismiss be DISMISSED AS MOOT.

    *B. Harris's Motion to Dismiss (D.E. #10)*

3

On April 17, 2013, Harris filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to comply with the Tennessee Medical Malpractice Act, T.C.A. § 29-26-121 and -122. In the alternative, Harris requests that any claims against him that are not dismissed be remanded to state court.

Pursuant to Local Rule 12.1(b), Plaintiff was required to respond to the instant motion within twenty-eight days after the motion was served. Plaintiff failed to file a timely response. On June 20, 2013, the Court issued an Order to Show Cause requiring Plaintiff to respond within fourteen days of the entry of that order as to why the Court should not consider the motion on the record before it and enter a Report and Recommendation recommending to the District Court that the motion be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure. On July 2, 2013, the Court's Order to Show Cause was returned to the Court. On August 9, Plaintiff was mailed an agreement to receive notice of electronic filing (NEF). The Court's docket does not reflect any further correspondence with Plaintiff, and Plaintiff has not responded to Harris's Motion to Dismiss to date.

Upon review, Plaintiff's Complaint contains as its sole allegations vague references to "Long Term Disability Payment, Medical Mal-Practice [sic], [and] Violation of F.M.L.A. law." Plaintiff's Complaint does not contain a short and plain statement of the claim showing that he is entitled to relief, which fails to comply with Rule 8(a)(2). Plaintiff's Complaint fails to put Harris on fair notice of the claim against him and any grounds whatsoever upon which it rests. In fact, Plaintiff provides no factual basis whatsoever for his Complaint against Harris. Accordingly, it is recommended that Harris's Motion to Dismiss be GRANTED for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

**IV. Conclusion**

For the reasons set forth herein, it is recommended that Hartford's Motion to Dismiss (D.E. #7) be DISMISSED AS MOOT and Harris's Motion to Dismiss (D.E. #10) be GRANTED for failure to state a claim upon which relief may be granted.

**DATED** this 23rd day of September, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**